IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| STARR INDEMNITY & LIABILITY COMPANY, | )<br>)<br>) Civil Action No.: 4:17-cv-00857-RBH |
| Plaintiff, | )<br>) |
| v. | ) **ORDER**<br>) |
| OCEAN KEYES DEVELOPMENT, LLC, RUSSELL BALTZER, KEYE CONSTRUCTION CO., INC., BEACH VILLAS AT OCEAN KEYES PROPERTY OWNERS ASSOCIATION, INC., SEASHORE VILLAS AT OCEAN KEYES PROPERTY OWNERS ASSOCIATION, INC., LAKESIDE TOWNHOMES AT OCEAN KEYES HORIZONTAL PROPERTY REGIME, INC. AND LAKESIDE TOWNHOMES AT OCEAN KEYES PROPERTY OWNERS ASSOCIATION, INC., | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

Currently pending before this Court is Defendants Ocean Keyes Development, LLC ("Ocean Keyes") and Keye Construction Co., Inc. ("Keye Construction") Motion to Dismiss or, In the Alternative Stay Proceedings (the "Motion") [ECF #26], as well as Plaintiff's Motion to Amend/Correct the Complaint [ECF #45]. On May 24, 2017, Defendant Beach Villas at Ocean Keyes Property Owners Association filed its Notice of Joinder in the Motion. [ECF #31]. On that same day, Defendant Seashore Villas at Ocean Keyes Property Owners Association, Inc. also filed a Notice of Joinder in the Motion. [ECF #32]. Two days later, Defendant Russell Baltzer filed a Notice of Joinder in the Motion. [ECF #34]. Plaintiff Starr Indemnity & Liability Company

("Starr Indemnity") filed its Response in Opposition to the Motion on May 25, 2017. [ECF #33]. All parties have had the opportunity to extensively brief the issues raised in the Motion, and this Court has thoroughly considered all pleadings filed in this case.[1] This matter is now before the Court.

### Factual Background and Procedural History

Defendant Ocean Keyes is engaged in the real estate development and developed a community known as "Ocean Keyes Resort", which includes the communities Beach Villas, Lakeside Townhomes, and Seashore Villas Associations and buildings. Since 2014, the moving Defendants have been sued by various property owners in the communities who allege certain structural defects. These lawsuits were all filed in state court. On March 31, 2017, Plaintiff Starr Indemnity filed this declaratory judgment action against Defendants to resolve insurance coverage issues related to these alleged construction and design defects of several condominium projects in North Myrtle Beach, South Carolina. [ECF #1, p. 3]. Starr Indemnity seeks a declaration from this Court that it does not have a duty to defend or indemnify Defendants Ocean Keyes, Keye Construction, and Mr. Baltzer under the terms of the insurance policies at issue in this case. [ECF #1, p. 14].

Defendants are currently involved in several lawsuits pending in the Fifteenth Judicial

---

[1] Under Local Civil Rule 7.09 (D.S.C.), "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." Upon review of the briefs, the Court finds that a hearing is not necessary.

2

Circuit in the Court of Common Pleas of Horry County, South Carolina.[2] These lawsuits were brought as a result of alleged construction and design defects at several condominium projects in Myrtle Beach. Since their respective filings, these lawsuits have been transferred and are currently pending before the South Carolina Business Court. [ECF #26-1, p. 2]. Defendants Ocean Keyes and Keye Construction allege that during the time period that the plaintiffs in these state court lawsuits allege the property damage occurred, Ocean Keyes and/or Keye Constructions were covered by commercial general liability policies of insurance issued by several different insurers, including Plaintiff in this case. [ECF #26-1, pp. 2-3].

On June 11, 2015, Ocean Keyes also filed a lawsuit in state court against State Auto Property and Casualty Company (the "State Insurance Coverage Lawsuit"), one of the several different insurers, asserting causes of action for declaratory judgment, breach of contract, and bad faith refusal to pay first party benefits related to the alleged structural defect claims.[3] [ECF #26-1, p. 3]. In 2017, approximately a month after Plaintiff filed this action in federal court, Ocean Keyes filed a Motion to Amend Complaint in the State Insurance Coverage Lawsuit, requesting to add Keye Construction as a plaintiff and adding the other insurers, including Plaintiff, all of

---

[2] The lawsuits are as follows: (1) Beach Villas at Ocean Keyes Property Owners Assoc., Inc. v. Ocean Keyes Dev., LLC, et. al., Civil Action No. 2014-CP-26-6573, filed on October 7, 2014 (the "Beach Villas lawsuit"); (2) Harper Ocean Keyes, LLC, et. al. v. Ocean Keyes Dev., LLC, et. al., Civil Action No. 2015-CP-26-4599, filed on June 18, 2015 (the "Harper lawsuit"); (3) Lakeside Townhomes at Ocean Keyes Horizontal Property Regime, Inc., et. al. v. Ocean Keyes Dev., LLC, et. al., Civil Action No. 2015-CP-26-5585, filed on July 24, 2015 (the "Lakeside POA lawsuit"); (4) Seashore Villas at Ocean Keyes Property Owners Assoc., Inc. v. Ocean Keyes Dev., LLC, et. al., Civil Action No. 2015-CP-26-8303, filed on November 18, 2015 (the "Seashore Villas lawsuit").

[3] This lawsuit is Civil Action No. 2015-CP-26-4308, and filed in the Court of Common Pleas of Horry County, South Carolina.

which allegedly issued commercial general liability policies for the construction in question. [ECF #26-1, pp. 2-4]. Like the other underlying lawsuits which are the subject of this insurance coverage dispute, this lawsuit was also transferred to and is currently pending before the South Carolina Business Court. [ECF #26-1, p. 4]. Defendants attached a copy of this state court motion to their memorandum supporting the Motion to Dismiss. A subsequent review of the docket of the Fifteenth Judicial Circuit in the Court of Common Pleas of Horry County revealed that a hearing was held on this motion on August 1, 2017. This Court then requested an update from the Parties as to the status of that lawsuit; specifically, whether the proposed additional defendants had been added to the State Insurance Coverage Lawsuit. The Parties informed this Court that the judge presiding over the State Insurance Coverage Lawsuit ruled from the bench, denying Ocean Keyes' proposed amendment to add Starr Indemnity and QBE Insurance Company[4] as defendants in that action. [ECF #55, p. 1].[5] That state court order provides that "[a]s a result

---

[4] QBE Insurance Company has also filed its own declaratory judgment action in this Court on June 20, 2017. That case is style *QBE Ins. Co. v. Ocean Keyes Development, LLC, et al.*, Case No. 4:17-cv-01611-RBH. There is also a Motion to Dismiss currently pending in that case, as well.

[5] Further, there appears to be some dispute between the parties over whether, in ruling on the motion to amend the complaint, the state court judge indicated that he would be willing to re-consider the motion should the federal court indicate a preference that the state court preside over the coverage issues in the dispute. [ECF #56-1, p. 2]. In response to this Court's request for a status update, Defendant Ocean Keyes filed a letter dated August 29, 2017, indicating that their Motion to Amend was heard before Judge Newman, who ruled from the bench and requested a proposed order by August 15, 2017. The copy of that proposed order, which was also filed with this Court, included language that states, "[s]hould the federal court indicate a preference that Starr's and QBE's coverage issues be decided in state court, this Court has no objection to reconsidering Plaintiff's requested amendments in that regard." [ECF #55-1]. On that same day, Plaintiff filed with this Court correspondence stating that they sent a letter dated August 29, 2017 to Judge Newman via physically and electronically indicating that Starr Indemnity took issue with the above-cited language in the proposed order. [ECF #56-1]. According to the correspondence sent to Judge Newman, Starr Indemnity recalled Judge Newman stating that it would be improper for that court to make any comment or suggestion as to how the federal court should rule. [ECF #56-1]. *On September 28, 2017, Judge Newman signed the proposed order with the language indicating that he would reconsider the request to amend the parties should the federal court indicate such a preference.*

4

of the parallel federal Starr and QBE lawsuits," the state court would deny Plaintiff's request to amend and join the two insurance companies in the pending state court lawsuit. However, the state court order also specified that should the federal court indicate a preference that the state court decide all coverage issues, the state court would reconsider the requested amendments. This Court will make the state court order filed in the Horry County Court of Common Pleas on October 3, 2017 a part of this record. *See Witthohn v. Federal Ins. Co.*, 164 Fed. App. 395, 397 (4th Cir. 2006) (stating that a district court may clearly take judicial notice of state court records) (citing *Blue Tree Hotels v. Starwood Hotels & Resorts*, 369 F.3d 212, 217 (2d Cir. 2004)).[6]

Aside from their argument that this Court should decline jurisdiction so that the state court can resolve all related litigation, Defendants contend that Plaintiff's lawsuit before this Court would not afford complete relief as it does not include the other insurers involved in this litigation, nor does it seek relief with respect to the Harper Lawsuit. Defendants also argue "Plaintiff's Complaint does not seek a determination of the meaning of Section I.1.c of Starr's coverage obligations." Their proposed Amended Complaint in the State Insurance Coverage Lawsuit (which was denied as to adding Starr by Judge Newman on September 28, 2017) seeks a determination as to the applicability and meaning of this policy section, which Defendants allege is an issue of first impression under South Carolina state law. [ECF #26-1, p. 4]. Thus, Defendants argue Plaintiff filed this action in an effort to avoid coverage obligations to Defendants Ocean Keyes and Keye Construction.

---

[6] While the parties provide a copy of the proposed final order, attached as an exhibit to a letter providing a status update [ECF #55-1], this Court independently reviewed the Horry County state court docket to obtain a copy of the final, signed order which neither party has made a part of the record. This Court will direct the clerk to make the final state court order a part of the record in this case.

5

While Plaintiff does not explicitly seek a determination as to the meaning of that specific section, Plaintiff generally alleges within the federal Complaint that coverage was not applicable at the time of the alleged property damage and, in any event, would only cover the named insureds (which does not include Defendants Baltzer or Keye Construction Co., Inc.). [ECF #1, p. 15]. Thus, it seeks a determination that there is no coverage for the underlying lawsuits based on the terms and conditions of the policies and further seeks a determination as to whether certain exclusions within the policy apply.

Within its brief, Plaintiff indicated that it planned to file a motion to amend its federal complaint to include the Harper lawsuit within this action. [ECF #33, p. 2]. On July 21, 2017, Plaintiff filed its Motion to Amend, which is also currently before this Court and will be discussed in further detail below. [ECF #45]. Moreover, Plaintiff points out that it has defended Defendants Ocean Keyes, Keye Construction, and Mr. Baltzer in the underlying lawsuits under a reservation of rights and is now seeking a determination from this Court that its policy or policies do not require Plaintiff to provide coverage as to these Defendants. [ECF #33, p. 2].

## Analysis

Plaintiff has filed this lawsuit pursuant to The Declaratory Judgment Act, 28 U.S.C. § 2201, et. seq. seeking a declaration that it does not owe a duty to the moving Defendants to indemnify or defend them in the related state court lawsuits. In response, Defendants file their motion to dismiss or stay based on the broad discretion afforded this Court by the Act in determining whether to proceed with a declaratory judgment action, where as here, there are pending actions involving similar issues in state court. *See generally Allied-Gen. Nuclear Servs.*

6

*v. Commonwealth Edison Co.*, 675 F.2d 610, 611 (4th Cir. 1982) (citing *Aetna Casualty & Surety Co. v. Quarles*, 92 F.2d 321 (4th Cir. 1937)). This Court follows a two-part analysis to determine whether to stay or dismiss a declaratory judgment action. *See generally Continental Cas. Co. v. Fuscardo*, 35 F.3d 963 (4th Cir. 1994). First, district courts consider the two factors outlined in *Quarles* to determine whether the declaratory judgment action serves a useful purpose and would terminate uncertainty. Second, where as here, in cases where there are parallel state proceedings, the Fourth Circuit has articulated four factors to consider in determining whether to exercise its discretion in the declaratory judgment action:

> (1) whether the state has a strong interest in having the issues decided in its courts; (2) whether the state courts could resolve the issues more efficiently than the federal courts; (3) whether the presence of "overlapping issues of fact or law" might create unnecessary entanglement between the state and federal courts; and (4) whether the federal action is mere" procedural fencing," in the sense that the action is merely the product of forum-shopping.

*Penn-Am. Ins. Co. v. Coffey*, 368 F.3d 409, 412 (4th Cir. 2004)(quoting *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 377 (4th Cir. 1994)) (the "*Nautilus* factors"). For the reasons that follow under this two-part analysis, this Court will exercise jurisdiction over this declaratory judgment action.

## Discussion

### I. Plaintiff's Argument that the Motion is Untimely

This Court begins its discussion by briefly considering the initial procedural issue raised by Plaintiff regarding the timeliness of the Motion to Dismiss pursuant to the Federal Rule of Civil Procedure 12(b). Rule 12(b) provides that a motion to present certain defenses "must be made before pleading, if a responsive pleading is allowed." FED. R. CIV. P. 12(b). Plaintiff

contends in its brief that "it is undisputed that Ocean Keyes and Keye Construction filed an Original Answer prior to filing the Motion to Dismiss." [ECF #33, p. 3]. Furthermore, Plaintiff contends that the Answer does not include any of the 12(b) affirmative defense grounds. [ECF #33, p. 3].

First, a review of the docket reveals that both the Answer and Motion to Dismiss filed by Keye Construction and Ocean Keyes was filed on the same day, May 11, 2017, within a five minute time frame. Second, the Answer actually explicitly references the concurrent filing of the Motion to Dismiss in Paragraph 14. [ECF #25, p. 4]. Moreover, these Defendants have not filed their Motion pursuant to one of the affirmative defenses that may be waived under Rule 12(h). The Declaratory Judgment Act is not an independent source of federal jurisdiction. *Mach. Sols., Inc. v. Doosan Machine Tool Am. Corp.*, Civil Action No. 3:16-CV-02718, 2017 WL 1062522, at *3 (D.S.C. March 21, 2017) (considering a motion to dismiss a declaratory judgment action brought pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)); *see also Kettler Intern., Inc. v. Starbucks Corp.*, 55. F. Supp. 3d 839, 845-846 (E.D. Va. 2014) (discussing Fed. R. Civ. P. 12(b)(1) and 12(b)(6) grounds on a motion to dismiss an action brought pursuant to the Declaratory Judgment Act and noting that regardless of which ground it is brought under, the same standard applies)). Accordingly, this argument is without merit, and this Court does not find that the Defendants' motion is untimely. Regardless, the Court denies the Motion to Dismiss for the reasons stated below.

**II. *Quarles* Factors**

In determining whether to exercise discretion in deciding a declaratory judgment action,

district courts should initially consider the two factors outlined in *Aetna Cas. & Surety Co. v. Quarles*, 92 F.2d 321, 324 (4th Cir. 1937). The *Quarles* factors are: (1) whether the judgment will serve a useful purpose in clarifying and settling the legal relations at issue; and (2) whether it will terminate and afford relief from uncertainty, insecurity, and controversy giving rise to the proceeding. *Id.; see generally Nationwide Ins. Co. of America v. Jackson*, Civil Action File No. 4:14-273, 2014 WL 4349528, at *1 (S.C.D.C. Sept. 2, 2014).

Here, it is certainly the case that a determination as to whether the policy language in question applies would provide great utility to the parties in this case because the coverage dispute is dependent upon the enforceability of this policy language. Furthermore, it would diminish the uncertainty in the underlying lawsuit as to whether Plaintiff has to defend and/or indemnify the insureds based on the relevant facts in the underlying dispute. *Jackson*, 2014 WL 4349528, at *2. Finally, filing a declaratory judgment action to obtain a declaration as to the parties' rights under an insurance policy is an appropriate mechanism under the Act. *Id.* Accordingly, generally speaking, the *Quarles* factors tend to weigh in favor of exercising discretion by choosing to retain jurisdiction over this declaratory judgment action.

### III. *Nautilus* Factors

(1) State's Interest in Deciding This Issue

This case involves the interpretation of insurance policies under South Carolina state law, and involves real property located in South Carolina. State law ordinarily provides the applicable law in pure diversity cases, and the Fourth Circuit has acknowledged, "[t]here exists an interest in having the most authoritative voice speak on the meaning of applicable law, and that voice

9

belongs to the state courts when state law controls the resolution of the case. *Mitcheson v. Harris*, 955 F.2d 235, 237 (4th Cir. 1992). In *Harris*, the state interest was particularly strong because all questions were premised solely on state law, there was litigation pending in state court at the time the action was filed, and the lawsuit involved only non-removable questions of state law. *Id.* at 238. *Harris* did not otherwise identify any strong countervailing federal interest to render it superior to that of the state courts. *Id.* Insurance coverage issues have been decided by federal courts in this district, though it appears that the determination that the state courts did not have a strong interest in those cases was premised, at least in part, on the fact that there was no pending state court action. *See Auto Owners Ins. Co. v. Personal Touch Med Spa, LLC*, 763 F. Supp.2d 769, 775 (D.S.C. Jan. 14, 2011). Additionally, a state's interest in determining insurance coverage issues is lessened when the state law issues do not involve unsettled or complicated areas of the law. *See United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 494 (4th Cir. 1998) (noting that the case involved standard issue of agency and contract interpretation wherein a federal court would be unlikely to break new ground or decide novel issues).

Here, the South Carolina Business Court currently has retained jurisdiction over all of the primary underlying lawsuits, as well as the State Insurance Coverage Lawsuit, pending before it. Defendants claim that the dispute over insurance coverage involves novel issues with respect to the meaning and applicability of certain policy provisions in this case. Plaintiff disputes that this is the case. This Court acknowledges that federal courts are not only competent to interpret state law, but have done so in the context of state insurance law. At the same time, this Court believes the state has a strong interest in deciding this case, assuming Defendants are correct

regarding novel issues, as well as the fact that there are several underlying pending claims already filed in state court. As *Harris* points out, the state has an interest in resolving all litigation stemming from one controversy in a single court system. 955 F.2d 235, 239. Therefore, given the fact that there are multiple related lawsuits, one of which involves insurance coverage issues, this Court would usually find that this factor weighs in favor of declining to exercise jurisdiction.

However, this Court is aware of the fact that not all insurance companies are involved in the underlying State Insurance Coverage Lawsuit, particularly in light of the fact that the state court recently denied Ocean Keyes' attempt to include Starr Indemnity as a party. While the state court indicated it would be willing to reconsider its order regarding the addition of additional parties should the federal district court indicate a preference to do so, this Court has no such preference. Thus, this Court finds that this factor weighs in favor of denying a dismissal of this declaratory judgment action, in large part because the South Carolina Business Court did not grant the state court motion to amend to allow Starr and QBE to be named as additional parties.

(2) Efficiency of Resolution in State Court versus Federal Court

The second *Nautilus* factor is whether one forum would be more efficient to handle the litigation in question. Plaintiff argues this is the most efficient court to handle this action because Defendants failed to include Plaintiff as a party in the underlying state court action.[7] A few weeks *after* Plaintiff filed this case in federal court, Defendant Ocean Keyes Development, LLC then filed a motion in state court to amend the complaint to include Starr Indemnity in the

---

[7] To that end, Plaintiff argues that the requested relief contravenes the "first-to-file" rule. Under that rule, generally a lawsuit filed first in time should have priority, unless there is a showing of that the balance of convenience weighs in favor of the second action. *See Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co., Inc.*, 386 F.3d 581, 594-95 (4th Cir. 2004).

11

underlying state action. As the Fourth Circuit explained in *Centennial Life Ins. Co. v. Poston*, whether the federal action was technically filed first (here, with respect to this particular plaintiff), is unnecessary to strongly consider or place undue significance, especially when a party has notice of the intent to sue. 88 F.3d 255, 258 (4th Cir. 1996).

Clearly in this case, several lawsuits have previously been filed and are pending in front of the same judge in state court. Being that there are several related lawsuits in front of one judge in state court, efficiency tends to dictate that this factor weighs heavily in favor of a resolution in state court. However, Starr Indemnity is not currently involved in the insurance coverage dispute in the state court action, as previously discussed in this Order. Thus, this factor also weighs in favor of this Court exercising jurisdiction.

(3) Whether the Presence of Overlapping Issues of Fact or Law Creates Unnecessary Entanglement

The next *Nautilus* factor to consider is whether there are "overlapping issues of fact or law" which might create unnecessary entanglement between the state and federal courts. Entanglement is more likely to occur where common issues are already the subject of litigation by the same parties in a related state court action. *Riley v. Dozier Internet Law, PC*, 371 Fed. Appx. 399, 403 (4th Cir. 2010) (citing *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 379 (4th Cir. 1994)).

Defendants argue this factor weighs in its favor because if the federal court considers the issues in this declaratory judgment action at the same time the state court considers the same or similar issues in the State Insurance Coverage Lawsuit and related lawsuits, it could result in

differing interpretations of state law and enforceability of the insurance contract with respect to the Starr CGL policy sections in question. Meanwhile, Defendants also note that the State Insurance Coverage Lawsuit is comprehensive and involves many of the insurers, as well as all underlying lawsuits. In response, Plaintiff argues simply that there are no identifiable overlapping issues that might create an entanglement amongst the courts. While this Court could conceive of the potential for the several state lawsuits and this federal lawsuit to obtain different interpretations of the disputed contract language or its applicability to the underlying facts, which would suggest this Court decline to exercise jurisdiction in this case, the state court action does not involve Starr as a named party. Accordingly, this factor does not weigh heavily either way in this case. However, while the Court is not dismissing the case, the Court always reserves the right to stay a case if, at any point, it becomes prudent to do so or to certify a question to the state supreme court to avoid different federal and state interpretations on novel issues of state law.

(4) Whether Federal Action is Mere "Procedural Fencing"

The final *Nautilus* factor is whether the filing of the federal action constitutes forum shopping. Procedural fencing is defined has a party's attempt to "race" to federal court in an effort to present certain issues currently pending before a state court resolved first because it is a more favorable forum. *Great Am. Ins. Co. v. Gross*, 468 F.3d 199, 212 (4th Cir. 2006). Here, Plaintiff filed this lawsuit in federal court seeking a declaratory judgment that Plaintiff has no duty to defend or indemnify Defendants. Initially, this Court notes that Plaintiff filed its lawsuit in federal court on March 31, 2017. A month after this filing, on April 27, 2017, Defendants filed their state court Motion to Amend seeking to add Plaintiff in the State Insurance Coverage

13

Lawsuit. Prior to that time, this Plaintiff was not specifically named in the State Insurance Coverage Lawsuit at the time it filed this current declaratory judgment action. Thus, it appears that if any procedural fencing occurred, it was at the time that Defendants filed their Motion to Amend. Accordingly, this Court does not find that there is a strong showing that at the time of filing suit, Plaintiff was engaging in forum shopping or procedural fencing.

After a review of all of the *Nautilus* factors, this Court finds that it should exercise its discretion in accepting jurisdiction in this case. This Court acknowledges that while there are several related lawsuits currently pending before one state court judge involving purely issues of state law, as well as issues related to insurance coverage, this Plaintiff is not currently a party to the insurance coverage dispute. Therefore, this Court finds that it is proper for this Court to exercise jurisdiction in this case, though it reserves the right to stay a case anytime it deems appropriate.

**IV. Plaintiff's Motion for Leave to Amend Complaint**

Finally, Plaintiff has filed a Motion for Leave to Amend its Complaint. [ECF #45]. Within this Motion, Plaintiff explains that it inadvertently excluded one of the underlying state court lawsuits from its initial pleading and wishes to include that lawsuit. Moreover, Plaintiff wishes to raise additional coverage defenses and include additional parties. [ECF #45, p. 2]. In response, Defendant Beach Villas at Ocean Keyes Property Owners Association, Inc. filed a brief stating that it do not oppose Plaintiff's request to amend the pleadings to include the *Harper* lawsuit or the addition of Marc Hyman. However, Defendants do oppose the inclusion of additional grounds, specifically that Defendant Ocean Keyes is not an additional insured, as opposed to a named

14

insured. [ECF #46, p. 1]. This Defendant did not otherwise indicate whether it opposed the inclusion of Keye Construction as a party. Defendant Seashore Villas at Ocean Keyes Property Owners Association, Inc. filed a similar response in opposition. [ECF #47, p. 1]. Defendants Ocean Keyes Development, LLC and Keye Construction Co., Inc. also filed a response, indicating these Defendants do not oppose the inclusion of the Harper lawsuit, or joining Marc Hyman and Keye Communities; however, like the other Defendants, they oppose the inclusion of additional grounds. [ECF #48, p. 2]. Defendant Russell Baltzer filed a response indicating the same objection as Ocean Keyes Development, LLC and Keye Construction Co. [ECF #49, p 2]. The remaining Defendants did not file a response.

Federal Rule of Civil Procedure 15(a)(2) provides that, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." A district court may deny a motion to amend a complaint when the amendment would be: (1) prejudicial to the opposing party; (2) the moving party has acted in bad faith; or (3) the amendment would be futile. *Equal Rights Center v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010). Here, Plaintiff filed this motion within the prescribed time frame in the Consent Amended Scheduling Order. Defendants are already aware of the lawsuit that was inadvertently left out of the initial pleading. With respect to the additional grounds and additional parties, Marc Hyman and Keye Communities, which Plaintiff seeks to add, this Court finds that Defendants still have time to seek discovery to investigate these additional claims and additional party. This Court does not find that Defendants will otherwise be prejudiced by allowing Plaintiff to amend, and this Court does not find that Plaintiff has acted in bad faith or

15

the amendment would otherwise be futile. Thus, this Court grants Plaintiff's Motion to Amend. [ECF #45].

## **Conclusion**

The Court has thoroughly reviewed the entire record, including the pleadings, Defendants' Motion to Dismiss or in the Alternative, Stay Proceedings [ECF #26], Plaintiff's response to the Motion [ECF #33], and the applicable law. For the reasons stated above, the moving Defendants' Motion to Dismiss or Stay [ECF #26] is **DENIED** at this time. However, the Court reserves the right to stay the case at any time it deems prudent to avoid any conflict between state or federal court decisions on novel issues of state law. Plaintiff's Motion to Amend/Correct Complaint [ECF #45] is **GRANTED.** The Clerk of Court is directed to file Plaintiff's proposed Amended Complaint.

**IT IS SO ORDERED.**

Florence, South Carolina  
December 11, 2017

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge